UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>PEDRO RODRIGUEZ GARCIA,<br><br>            Defendant. | NO. CR-09-6093-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S DISCOVERY MOTION** |

A pretrial conference occurred in the above-captioned matter on March 11, 2010, in Richland. Defendant Pedro Rodriguez Garcia was present, represented by Nicholas Marchi. Assistant United States Attorney Alexander Ekstrom appeared on the United States' behalf. Before the Court were Defendant's Motion to Dismiss Indictment (Ct. Rec. 46) and Defendant's Request for Discovery and Inspection Pursuant to Fed. R. Crim. P. 16 (Ct. Rec. 33). After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. This Order memorializes and supplements the Court's oral dismissal of the Indictment.

**A.   Defendant's Motion to Dismiss Indictment**

Mr. Garcia asks the Court to dismiss the Indictment because the underlying removal order is invalid given that the immigration judge

ORDER ~ 1

erroneously determined that Mr. Garcia was an aggravated felon based on his drug possession conviction, a determination that prejudiced Mr. Garcia. The Government concedes that under current Ninth Circuit case law, *United States v. Cazarez-Gutierrez*, 382 F.3d 905, 910 (9th Cir. 2004), the immigration judge's aggravated-felony decision was erroneous, but the Government submits that *Cazarez-Gutierrez* should not apply retroactively because at the time the immigration judge made his decision the law regarding what state drug crimes qualified as aggravated felonies was unsettled.

1. Background

On February 19, 1991, Mr. Garcia was convicted of Unlawful Possession of a Controlled Substance in Washington state court. More than ten years later, in 2003, Mr. Garcia was served with a notice setting an immigration removal hearing. On March 10, 2003, the immigration judge ruled that Mr. Garcia's state conviction was an aggravated felony and therefore ordered him removed. Mr. Garcia was removed on March 11, 2003.

Mr. Garcia returned to the United States and was charged with the instant Indictment on February 8, 2010, charging illegal reentry in violation of 8 U.S.C. § 1326.

2. Authority and Analysis

The existence of a prior removal order is a predicate element in a § 1326 illegal reentry offense. Therefore, a defendant charged with this offense may collaterally attack the underlying removal order by establishing: 1) that he exhausted any administrative remedies that were available to seek relief against the order; 2) improper deprivation of

the opportunity for judicial review; and 3) that the entry of the deportation order was fundamentally unfair. *United States v. Camacho-Lopez*, 450 F.3d 928, 929 (9th Cir. 2006) (citing 8 U.S.C. § 1326(d)).

The Court starts with the last requirement: fundamental unfairness. A deportation order is "fundamentally unfair" if 1) the alien's due process rights were violated during the underlying deportation proceeding and 2) he suffered prejudice as a result. *United States v. Zarate-Martinez,* 133 F.3d 1194, 1197 (9th Cir. 1998); *see also United States v. Ubaldo-Figueroa,* 364 F.3d 1042 (9th Cir. 2004).

In 1991, when the immigration judge determined that Mr. Garcia's state drug possession conviction was an aggravated felony, the Ninth Circuit had not yet clarified what state drug felonies qualified as aggravated felonies for deportation purposes. The Ninth Circuit clarified this issue in *Cazarez-Gutierrez*, ruling that a state felony drug offense qualified as an aggravated felony if it a) was punishable as a felony under federal drug laws or b) contained a trafficking element. 382 F.3d at 912. It is undisputed that Mr. Garcia's state drug possession offense was not punishable as a felony under federal drug laws and did not contain a trafficking element. Therefore, under *Cazarez-Gutierrez*, Mr. Garcia's state drug possession conviction is not an aggravated felony. The parties disagree as to the consequence of the immigration judge's erroneous (in light of *Cazarez-Gutierrez*) aggravated-felony finding.

The Court concludes that *Cazarez-Gutierrez*, which is a substantive interpretation of "aggravated felony," applies retroactively to Mr. Garcia's deportation proceeding. *See United States v. Camacho-Lopez*, 450

F.3d 928 (9th Cir. 2006) (applying subsequent Supreme Court decision, which defined "crime of violence," to prior removal order); *United States v. Ponce*, No. 08cr3239WQH, 2009 WL 1212731 (S.D. Cal. May 4, 2009) (applying *Cazarez-Gutierrez* retroactively and determining that immigration judge erroneously determined that state drug possession conviction was an aggravated felony). This is because the underlying removal order serves as a predicate element of the § 1326 charge. Accordingly, Mr. Garcia's due process rights were violated when the immigration judge determined he was an aggravated felon.

Notwithstanding this due process violation, Mr. Garcia must show that he suffered prejudice as a result. *See United States v. Pallares-Galan*, 359 F.3d 1088, 1104 (9th Cir. 2004). The immigration proceeding notice stated: "You were on 02/19/91, convicted in the Washington State Superior Court at Franklin County, Washington for the offense of Unlawful Possession of a Controlled Substance, Cocaine, in violation of RCW 69.50.401(d);" the notice did not mention any other conviction. Because the 1991 drug possession conviction served as the sole basis for removal, Mr. Garcia was prejudiced by the immigration judge's failure to apprise Mr. Garcia of possible relief from deportation: a failure resulting from the immigration judge's erroneous aggravated-felony determination. *See Camacho-Lopez*, 450 F.3d at 930 ("Camacho's Notice to Appear charged him as removable *only* for having committed an aggravated felony; as discussed above, Camacho's prior conviction did not fit that definition. Thus, Camacho was removed when he should not have been and clearly suffered prejudice.").

ORDER ~ 4

In sum, Mr. Garcia established that the prior removal order was fundamentally unfair. He also satisfies the two other collateral attack requirements: 1) he was improperly denied the opportunity to obtain judicial review because he was not advised of the possibility of obtaining relief from deportation and therefore his waiver of his right to appeal was not considered and intelligent, *see United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000); and 2) he is exempt from the administrative exhaustion requirement because he brought a due process challenge, *see Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005). Accordingly, Mr. Garcia's March 10, 2003, removal order may not support an 8 U.S.C. § 1326 offense; the Indictment is dismissed.

**B. Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Indictment **(Ct. Rec. 46)** is **GRANTED**.

2. Defendant's Request for Discovery and Inspection Pursuant to Fed. R. Crim. P. 16 **(Ct. Rec. 33)** is **DENIED AS MOOT**.

3. Defendant is to be **RELEASED**.

4. The March 22, 2010 trial is **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

**DATED** this ___12th___ day of March 2010.

                                 S/ Edward F. Shea
                                  EDWARD F. SHEA
                          United States District Judge

Q:\Criminal\2009\6093.dismiss.wpd

ORDER ~ 5